UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HENRY MENSAH KOBENA,<br><br>Plaintiff,<br><br>v.<br><br>PEPSI BOTTLING GROUP,<br><br>Defendant. | Civ. No. 2:13-2036 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

After *pro se* Plaintiff Henry Mensah Kobena was fired from his job, Kobena's lawyer requested a Notice of Right to Sue letter (the "Letter") from the United States Equal Opportunity Employment Commission. Kobena received the Letter on December 6, 2012. Compl. ¶ 8, ECF No. 1. One hundred and eleven days later, on March 27, 2013, Kobena filed a one-count Complaint against his former employer, Defendant "Pepsi Bottling Group."[1] In the Complaint, Kobena alleges that he was fired because of his race, color, and national origin, in violation of Title VII of the Civil Rights Act of 1964. Defendant now moves without opposition pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the Complaint. Defendant argues, correctly, that "claims brought under Title VII [must] be filed within ninety days of the claimant's receipt of the EEOC right to sue letter." Def.'s Br. at 3, ECF No. 7-1 (quoting *Elkadrawy v. Vanguard Grp., Inc.*, 584 F.3d 169, 173 (3d Cir. 2009)). Because Kobena filed his Complaint 21 days after the 90 day deadline passed, the Complaint is time-barred unless equitable considerations support an extension. *Mosel v. Hills Dep't Store, Inc.*, 789 F.2d 251, 253 (3d Cir. 1986). Kobena makes no showing that equitable considerations support an extension in this case. Accordingly, the Court will **GRANT** Defendant's motion and dismiss the Complaint **WITH PREJUDICE**. An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: January 21, 2014**

---

[1] Defendant represents that it is properly identified as Bottling Group, LLC.